Mr. Justice Richardson
delivered the opinion of the court.- ■
Thb question arises under the 7th clause of the habeas corpus, act, which is. in these words, “ It shall and may be. lawful, to and for the judges, &c„ and they áre hereby required, upon motion to them made; in'open, court, the last day óf the term, &c. to set at liberty ‘the prisoner upon bail; unless it appear to the judges, &c. that the witness forthe king could not be produced the same term, &c. and if any person or persons có’mmitteiT as aforesaid, upon his prayer tor petition in open cóürt, the first week of the term, or first day of the sessions, &c. tó' be brought, to, his trial, shall not be indicted ánd tried tile second term, &c. after his commitment, or'upon his''trial shall be acquitted, he shall'be discharged from his imprisonment.”'
The unquestionable intent of the apt, ’ is to require the state to bring the prosecution tq trial on the first or second term, or else that the prisoner shall be discharged. In other words, the state must not be in default for two *565 ¿erms. Now at the first term, the prisoner demanded his trial, and the prosecution, was. tried. The state then committed no default; the mistrial being a misfortune, attributable neither to the state nor to the defendant. The court and jury were equally for both parties, and both were rea-day at that court and the trial had. At the second term, the state was not ready. Here then was the first default, and the prisoner under the terms of the act, might demand to be bailed, and if the state should not be ready at another term, then to be discharged. The error arises from supposing that the mistrial is to be attributed to the state, but the jury are as independent of the state as of the defend- ' ant.
It may happen that at the second term, and in the mid- ' die of a trial, the judge or a juror might be taken sick. But could such a misfortune be attributed to the state? Surely not. The consequences would.be dangerous indeed. And yet a mistrial would follow ; and according to the decision, the prisoner would be discharged. The act could never have been intended to require impossibilities, but merely to lay down a rule for expediting the trial of state prosecutions. The important words are “ if any person, &c. shall not be indicted and tried, &c. or upon his trial shall, be acquitted, he shall be discharged.” Here we see that “ if indicted and tried,?’ he -must be acquitted before he shall be discharged; and why ? Plainly because, to indict and try, is within the power of the state, but nothing, further, the issue of the - trial being in other hands. And accordingly, after being indicted and tried, the prisoner must be acquitted hefore he shall be discharged. The words “ or upon his trial shall be acquitted,” would be wholly unmeaning and superfluous if this were not the true construction. The literal import of the words agrees then with the obvious end and intent of the act.
The motion is therefore granted.
Justices Huger and Johnson, concurred,
Davis, solicitor, for the motion.
Thompson, contra.